IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMCORE CORPORATION, JDS UNIPHASE CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| -vs- | ) ) Civil Action No. 06-1202 ) |
| OPTIUM CORPORATION, | ) ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

# **MEMORANDUM OPINION**

Plaintiffs, EMCORE Corporation and JDS Uniphase Corporation, filed a Motion to Compel more definite and complete Non-Infringement Contentions as specified in Local Patent Rule 3.4. (Docket No. 44). Therein, Plaintiffs assert that Defendant's Non-Infringement Contentions contain bare, boiler-plate denials, while Rule 3.4 requires Defendant to provide the specific reasons for such denials and the relevant distinctions. *Id.* Rule 3.4 provides as follows:

> Not later than fifteen (15) calendar days after service upon it of the "Disclosure of Asserted Claims and Infringement Contentions," each party opposing a claim of patent infringement, shall serve upon all parties its "Non-Infringement and Invalidity Contentions." Non-Infringement Contentions shall contain a chart, responsive to the chart required by LPR 3.2(c), that states as to each identified element in each asserted claim, whether such element is present literally or under the doctrine of equivalents in each Accused Instrumentality, and, if not, the reason for such denial and the relevant distinctions.

Invalidity Contentions *must* contain the following information:

(a) The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. §102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was make known. Prior art under 35 U.S.C. §102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. §102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

Whether each item or prior art allegedly anticipates each asserted claim or renders it obvious. If a combination of items of prior art allegedly makes a claim obvious, each such combination, and the motivation to combine such items, must be identified;

A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that such party contends is governed by 35 U.S.C. §112(6), a description of the claimed function of that element and the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

Any grounds of invalidity based on indefiniteness under 35 U.S.C. §112(2) or enablement or written description under 35 U.S.C. §112(1) of any of the asserted claims.

LPR 3.4.

2

Defendant's Contentions generally state "Optium's Transmitter does not infringe this claim literally or under the doctrine of equivalents." (*See,* Docket No. 46, Exs. A and B). Thereafter, Defendant generally recites back the portion of the claim that Optium's Transmitter does not do. For example, with regard to claim 1, Defendant states that "Optium's Transmitter does not infringe the preamble of this claim literally or under the doctrine of equivalents. Specifically, Optium's transmitter does not 'optimize[] SBS suppression.'" (Docket No. 46, Ex. A, p. 4).

It appears as though counsel for Optium acknowledges that its answers are deficient. (Docket No. 44-6). In an effort to cure any deficiencies, counsel for Optium offered to supplement its Contentions with representative citations. (Docket No. 44-4). Counsel for EMCORE found this offer to be unacceptable. (Docket No. 44-5). Counsel for Optium then stated that it agrees with EMCORE that representative citations do not constitute reasons and distinctions. (Docket No. 44-6). As a result, Optium offer to provide both the specific claim limitations not practiced by Optium's accused transmitter and exemplary citations supporting its position. *Id.* Thereafter, counsel for Plaintiffs filed the instant Motion.

I am dismayed that the parties could not work this out between themselves. I agree that Optium's responses do not meet the requirements of LPR 3.4. I am not, however, going to micro manage this case. It is not the role of the judge to state what constitutes the specific reasons and relevant distinctions. Rather, it is my role to determine if Optium has complied with the spirit of the rule and I find that it has not.

THEREFORE, this **16th** day of March, 2007, it is Ordered that Plaintiff's Motion to Compel (Docket No. 44) is GRANTED. It is also Ordered that Defendant Optium file an Amended Non-Infringement and Invalidity Contention chart responsive to Plaintiffs' LPR 3.2 chart setting forth specific reasons and relevant distinctions as to why such element is not present literally or under the doctrine of equivalents in each Accused Instrumentality as required by LPR 3.4 by March 21, 2007.

BY THE COURT:


/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge