IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMCORE CORPORATION and JDS UNIPHASE CORPORATION, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| -vs- | )<br>) Civil Action No. 06-1202<br>) |
| OPTIUM CORPORATION, | )<br>)<br>) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## OPINION and ORDER OF COURT

     Defendant, Optium Corporation, filed a Motion to Compel Plaintiffs, EMCORE Corporation and JDS Uniphase Corporation, to immediately produce: (i) all previously withheld documents relating to the subject matter of the "Invention Disclosure" document, bearing production numbers PLF000312684-PLF000312698; and (ii) all previously withheld documents relating to the subject matter of an "Interoffice Memorandum" document, bearing production numbers LOGAN 0047-LOGAN 0049. (Docket No. 151). Specifically, Defendant asserts that Plaintiffs "waived the attorney-client privilege with respect to these documents to use them to attempt to support their invalidity estoppel theory...." *Id.* With regard to the "Invention Disclosure" document, I have previously ruled that Plaintiffs intentionally waived the attorney-client privilege. (Docket No. 131).

However, as Plaintiffs point out in opposition, I considered this alternative argument when ruling upon Defendant's Motion for Sanctions. *Id.*; *see also,* Docket No. 102, p. 4. Defendant has not given me any reason to reconsider this ruling.[1] Consequently, Defendant's Motion to Compel is denied with regard to documents relating to the subject matter of the "Invention Disclosure" document.

With regard to the "Interoffice Memorandum" document, Defendant argues that since this document was used at the Gertel deposition the privilege is waived. (Docket No. 152, p. 4). Plaintiffs, however, argue that the "Interoffice Memorandum" was not privileged in the first place and thus the production of the same did not have the effect of waiving any privilege. (Docket No. 173). The issue that must be decided first, therefore, is whether the document is privileged.

"The attorney-client privilege protects the confidentiality of communications between attorney and client made for the purpose of obtaining legal advice." *In re EchoStar Communications Corp.*, 448 F.3d 1294, 1300 (Fed. Cir. 2006), *quoting Genentech, Inc. v. Int'l Trade Comm'n,* 122 F.3d 1409, 1415 (Fed. Cir.1997). "[T]he central inquiry is whether the communication is one that was made by a client to an attorney for the purpose of obtaining legal advice or services." *In re Spalding Sports Worldwide, Inc.,* 203 F.3d 800, 805 (Fed. Cir. 2000). After a review of the record, I do not find that the "Interoffice Memorandum" (Docket No. 165 - Ex. 14) is

---

[1] To grant a motion for reconsideration, the moving party must demonstrate one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a manifest injustice stemming from a clear error of law or fact. *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999); *North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995). Defendant has not addressed any of these factors. *See,* Docket Nos. 151, 152.

privileged. Specifically, I note that the document is sent to in-house counsel at JDS, Mr. Robinson, but does not appear to solicit any legal opinion. (Docket No. 165 - Ex. 14). There is simply no evidence to suggest that it was sent to solicit a legal opinion. *See,* Docket No. 157, pp. 4-10. Thus, there can be no waiver of the privilege. Accordingly, Plaintiffs cannot be compelled to produce all documents concerning the subject matter of the "Interoffice Memorandum." Consequently, Defendant's Motion to Compel is denied with regard to documents relating to the subject matter of the "Interoffice Memorandum" document.

THEREFORE, this **29th** day of November, 2007, after careful consideration and for the reasons set forth within, it is ordered that Defendant's Motion to Compel (Docket No. 151) is denied.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge