IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EMCORE CORPORATION, and JDS UNIPHASE )
CORPORATION, )
)
)
       Plaintiffs, )
)
 -vs- )
                                       Civil Action No. 06-1202
)
OPTIUM CORPORATION, )
)
)
       Defendant. )

AMBROSE, Chief District Judge.

## MEMORANDUM OPINION and ORDER

      Defendant, Optium Corporation, filed a Motion to Compel Plaintiffs, EMCORE Corporation and JDS Uniphase Corporation, to immediately produce "fifty-seven improperly withheld items[1] created by or provided to Plaintiffs' testifying technical expert witness David A. Smith ("Dr. Smith")." (Docket No. 168). Specifically, Defendant asserts that it is entitled to all materials Dr. Smith generated or reviewed in connection with the formulation of his opinion. *Id.* In opposition, Plaintiffs argue that Dr. Smith was first retained as a consulting expert before becoming their

---

[1] "The improperly withheld items are documents 2-5, 7-31, 34-36, 38-45, 47-61, and 63, from David A. Smith's Privilege Log dated November 6, 2007, as well as the inadvertently disclosed model prepared by Dr. Smith to explain the technology at issue that is referenced in Ex. B. to the Declaration of Michael J. McNamara." (Docket No. 168, p. 1 n. 1)

1

testifying expert. (Docket No. 178, p. 1). As a result, Plaintiffs argue that any information used by Dr. Smith as a consultant only is protected by the work product doctrine. *Id.* Further, Plaintiffs state that the documents sought by Defendant relate to Dr. Smith's consultant role and "have no connection to his opinions offered in this case, as they were prepared or reviewed outside his role as a testifying expert on issues of invalidity and infringement - some of them nearly a year before the claim construction ruling." *Id.* at 1-2.

Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure provides that a testifying expert's report must contain, *inter alia,* "the data or other information considered by the witness in forming them...." Rule 26(a)(2)(B) does not limit the report to data or information relied upon in forming his report, but rather the rule specifically states data or information "considered." *Id.; Schwab v. Philip Morris USA, Inc.,* 2006 WL 721368 *2 (E.D. N.Y. March 20, 2006).

> The [expert] report is to disclose the data and other information considered by the expert and any exhibits or charts that summarize or support the expert's opinions. Given this obligation of disclosure, litigants should no longer be able to argue that material furnished to their experts to be used in forming their opinions - whether or not ultimately relied upon by the expert - are privileged or otherwise protected from disclosure when such persons are testifying or being deposed.

F.R.C.P. 26(a)(2), Advisory Committee Note. An expert can be both a testifying expert (subject to disclosure) and a consulting expert (not subject to disclosure). *See, Schwab,* 2006 WL 721268 at *2; *B.C.F. Oil Ref. Inc. v. Consol. Edison Co.,* 171 F.R.D. 57, 61 (S.D. N.Y. 1997). In such cases, however, "a court may deem the party to have

2

waived the work product protection" associated with the consulting expert." David M. Greenwald, Edward F. Malone, and Robert R. Stauffer, *Testimonial Privileges* §2:28 (3d ed. 2007). Thus, "[t]he party resisting disclosure bears the burden of showing that an expert did not consider certain documents informing his opinion; this burden cannot generally be satisfied by the expert's representations alone." *See, Schwab,* 2006 WL 721368 at *3. "The burden is met when the documents could not have been considered by the expert in forming his opinion, as when they are reviewed by the experts only after he has testified.... It can also be met when the party opposing disclosure presents the court 'with affidavits and deposition testimony 'clearly establishing' that the testifying witness never read, reviewed, or considered the subject documents in forming his opinions.'" *Id.*, quoting *United States Fidelity & Guar. Co. v. Braspertro Oil Servs. Co.,* 2002 WL 15652 *7 (S.D.N.Y. Jan. 7, 2002). This can be a difficult task because the roles can often be blurred. *Id.* If a document is reviewed by an expert acting in his consultant role that also informs his expert report, the document is discoverable. *Id.* Any doubts should be resolved in favor of the party seeking the discovery. *Id.*

In this case, Plaintiffs' argument is that the evidence sought to be discovered was all material written by or reviewed by Dr. Smith as a consultant and prior to him becoming a testifying expert. (Docket No. 178). However, it is not so clear when Dr. Smith became a testifying expert. (Docket No. 175, pp. 5-6). Furthermore, contrary to Plaintiffs' contention, I find that information necessary for claims construction bears some relation and can inform validity and infringement testimony. Since

there is ambiguity as what role Dr. Smith was playing when he reviewed the subject documents and because there is a relationship between information considered during the claims construction stage and the validity / infringement stage, I find that the discovery sought should be produced.

THEREFORE, this **11th** day of December, 2007, it is ordered that Defendant's Motion to Compel (Docket No. 168) is granted, and Plaintiffs are to produce the subject discovery within seven (7) days of the date of this order.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge

4